ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   1:10CR235 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| CHRISTOPHER D. KRAUSE, | ) | |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |
| | ) | |

**I.  Introduction**

On May 26, 2010, Defendant Christopher Krause was charged through an information with one count of conspiracy to commit theft concerning programs receiving federal funds, one count of conspiracy to commit mail fraud, fifteen counts of conspiracy to commit bribery concerning programs receiving federal funds, and one count of destruction of records in a federal investigation.  On July 1, 2010, Krause appeared before the Court and entered a guilty plea to the charges in the information.  On June 7, 2011, the Court sentenced Krause to an aggregate term of 87 months incarceration.  This memorandum will serve to supplement the Court's oral pronouncement of sentence.

**II. Sentencing Process**

Criminal sentencing is often described as a three-step process.  A district court must begin the process by calculating the advisory guideline range suggested by the United States Sentencing Commission.  *Rita v. United States*, 551 U.S. 338, 351 (2007) ("The sentencing judge… will

normally begin by considering the presentence report and its interpretation of the Guidelines."). In so doing, the Court must determine the offense level for the crimes for which the defendant has been convicted and the defendant's criminal history. *See United States v. Boyd*, No. 3:07-CR-3, 2008 WL 4963198, at *14-16 (E.D.Tenn. Nov. 18, 2008).

Next, the Court must determine whether a variance or departure from the advisory guideline range would be appropriate. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006).

> Finally, a sentencing court must independently evaluate each of the factors in 18 U.S.C. § 3553(a), which details the considerations that a district court must weigh before sentencing a criminal defendant. Although the Guidelines form a starting point in the district court's analysis under 18 U.S.C. § 3553(a), a district court may not presume that the sentence suggested by the Guidelines is appropriate for an individual criminal defendant. A district court may hear arguments by prosecution or defense that the Guidelines sentence should not apply. In this way, a sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. Ultimately, however, a court must exercise its independent judgment in sentencing a defendant.

*United States v. Stern*, 590 F.Supp.2d 945, 949 (N.D.Ohio 2008) (citations and quotations omitted).

### III. Advisory Guideline Calculations

Krause's base offense level was 14 pursuant to U.S.S.G. § 2C1.1(a)(1). A two-level increase was appropriate because the offense involved more than one bribe. U.S.S.G. § 2C1.1(b)(1). A ten-level increase was required because the amount of the bribes exceeded $120,000 but was less than $200,000. U.S.S.G. § 2B1.1(b)(1)(F). A four-level increase was required because the bribes involved a public-official in a high-level decision making position.

U.S.S.G. § 2C1.1(b)(3). A one-level adjustment was then required because of the multiple-count information. U.S.S.G. § 3D1.4. Accordingly, Krause had an adjusted offense level of 31. The Court then reduced the offense level by 3 levels for Krause's acceptance of responsibility, and an additional 4 levels for his substantial assistance. As a result, Krause's final offense level was a 24 and his criminal history category was I. Accordingly, the advisory guideline range was 51-63 months. Neither party raised any objections to this calculation.

**IV. Kinds of Sentences Available**

The final calculated advisory guideline range of imprisonment is 51 to 63 months. The statutory maximum for Count 1 is five years, the statutory maximum for Counts 5-9, 11-15, and 17-21 is ten years, and the statutory maximum for Counts 2 and 22 is twenty years.. The maximum fine for the offense is $250,000, and supervised release of up to three years may be imposed.

**VI. § 3553(a) Factors**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in exercising its judgment to determine an appropriate sentence and must offer a reasoned explanation for the sentence. Based upon those factors, the Court finds that an upward variance is required under the facts presented in this matter.

In reaching its conclusion, the Court considered the nature and circumstances of the offense and the history and characteristics of the defendant. The Court also reviewed the need for the sentence imposed: a) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant; and c) to provide the Defendant with needed educational or vocational training, medical care, and/or other correctional treatment in the most effective manner.

During the sentencing hearing, the Court detailed its analysis of each of the § 3553(a) factors.  This memorandum will serve only to supplement that discussion.

Initially, the Court notes that Krause requested a four-level downward variance during his sentencing hearing.  Specifically, Krause argued that a variance was appropriate because he did not initially seek out and hire an attorney and as a result his initial statements were not "proffer-protected."  During the sentencing hearing, Krause was unable to cite to any law in support of his request for a variance.  Moreover, the Court concluded that such a variance was not warranted.

Through his request for a variance, Krause effectively seeks an eight-level departure for substantial assistance.  In other words, Krause essentially argues that he was so forthright so quickly that a four-level departure is not sufficient to fully account for his cooperation.  Further, Krause appears to argue that he should receive some variance because he did not immediately seek out an attorney.  Neither argument is well taken.

With respect to his assistance, the Court is aware that Krause is one of many individuals that provided information against other corruption defendants.  At the same time, the Court is mindful of the fact that much of Krause's assistance led to guilty pleas of the lesser defendants in this same information.  As a result, Krause induced guilty pleas from the same individuals that he demanded bribes from in return for business.  While the Court awarded the Government's request

4

for a four-level departure for assistance, the fact that Krause often induced the lesser defendants into committing crimes makes the Court less inclined to take the step of an additional four-level variance for providing information on those lesser defendants. Instead, Krause's assistance is fully accounted for by the four-level departure.

In addition, there is simply no legal authority to suggest that Krause should receive a variance because he initially cooperated with authorities without an attorney. Moreover, policy dictates that such a variance be denied. The Court will not establish a precedent that encourages defendants to forego their right to counsel in the hope that such an act will later lead to a more lenient sentence. Accordingly, Krause's request for a downward variance was not well taken. The Court also notes that even if there existed authority to support the premise of Krause's request, the 3553(a) factors warrant an upward variance, rather than the downward variance that was sought.

During the sentencing hearing, the Court fully discussed the scope and depth of the corruption scandal that has plagued this District and particularly Cuyahoga County. Such a discussion will not be reiterated herein. However, the Court will discuss Krause's role in the corruption to explain the need for an upward variance in this matter.

At a minimum, Krause was involved in 15 separate instances of bribery. During sentencing, even the Government conceded that it had never seen an individual involved in so many bribery schemes at the same time. Krause effectively shook down nearly every contractor that he came into contact with for his own personal gain. Based upon those facts, the Court rejects any notion that Krause became involved in a criminal scheme and then simply could find no way out. Krause does not present as a victim of circumstance. In stark contrast to such a person,

Krause presents as an individual motivated by greed that formulated bribery scheme after bribery scheme for no other purpose than to increase his own personal wealth.

In addition, it is difficult for the Court to conclude that Krause is genuinely remorseful about his conduct. When given the opportunity to speak during sentencing, Krause spoke only briefly and with little to no emotion. Rather than appearing remorseful, Krause appeared as an individual that was simply resigned to his fate that he had finally been caught by the authorities.

Beyond the fact that Krause's conduct was lengthy and wide-ranging, an upward variance is necessary to reflect the seriousness of the offense and the harm to the victim. In this matter, it is difficult, if not impossible, to quantify the true scope of the harm caused by Krause. The Court ordered restitution in an attempt to disgorge any ill gotten gains and to ensure that the Maple Heights School District did not incur attorney fees related to this action. However, no amount of restitution will make the school district whole. Like every public school in Ohio, Maple Heights is dependent upon levies to operate. As such, the school's public reputation is vital to gaining public support for any operating levy. Following the scandal involving Krause and his co-defendants, the citizens of Maple Heights were unwilling to pass a levy, demonstrating the public's lost trust in the district.

There is no ready ability to determine how or when the public's faith may be sufficiently restored to support a levy. At the same time, it is not possible to quantify the lost opportunities to hundreds of students that will result from failed levies. The futures of these children will be forever altered for little reason other than the greed of Krause and others similar to him. Because the harm here is so far reaching, the advisory guidelines do not adequately address the seriousness of the offense. Instead, the Court must vary upward to truly reflect the seriousness of the offense

and the harm that it caused.

Further, both specific and general deterrence necessitate an upward variance. As detailed above, the Court saw no genuine remorse from Krause. Instead, Krause appeared as an individual that got away with a crime for as long as he could and did little other than accept his fate once authorities caught up to him. Given the lack of remorse, it is clear to the Court that a lengthier prison sentence is necessary to deter Krause from returning to this type of activity upon his release. In addition, given the rampant corruption scandal that still plagues Cuyahoga County, an upward variance is necessary to deter others from committing similar crimes. As previously noted, persons in positions similar to Krause have the ability to detrimentally affect the lives of hundreds of students. Those persons must be sent a message that any similar conduct by them will result in a harsh penalty.

Based upon the totality of the 3553(a) factors discussed herein and by the Court on the record, the Court finds that an aggregate sentence of 87 months is sufficient but not greater than necessary.

## VII. Sentencing Disparities

The Court has identified no sentencing disparities for similarly situated defendants. In fact, the Court thoroughly reviewed similar defendants within this corruption probe and its related investigations. After fully considering those sentences that have been imposed and Krause's conduct, the Court finds no disparities.

**VIII. Conclusion**

      Based upon the above reasoning, pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553, it is the judgment of the Court that the Defendant Christopher Krause is hereby committed to the Bureau of Prisons for a term of 87 months. The Court stated the remaining terms of Krause's sentence on the record and in its journal entry of conviction. Accordingly, it declines to reiterate those terms herein.

      IT IS SO ORDERED.


  July 6, 2011                                             /s/John R. Adams  
Date                                                          JOHN R. ADAMS  
                                                                    UNITED STATES DISTRICT JUDGE